1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


JOHN A. STARD, JR.,       ) 1:08-cv-01072-SMS
                    )
           Plaintiff, ) DECISION AND ORDER DENYING SOCIAL
   v.              ) SECURITY COMPLAINT (DOC. 1)
                    )
MICHAEL J. ASTRUE,      ) ORDER DIRECTING THE ENTRY OF
COMMISSIONER OF SOCIAL   ) JUDGMENT FOR DEFENDANT MICHAEL J.
SECURITY,             ) ASTRUE, COMMISSIONER OF SOCIAL
                    ) SECURITY, AND AGAINST PLAINTIFF
          Defendant. ) JOHN A. STARD, JR.
                    )
_____)


16

17

18

19

20

21

22

23

24

25

26

27

28

    Plaintiff is proceeding in forma pauperis and with counsel
with an action seeking judicial review of a final decision of the
Commissioner of Social Security (Commissioner) denying
Plaintiff's applications protectively filed on September 24,
2004, for Disability Insurance benefits (DIB) and for
Supplemental Security Income (SSI) benefits, in which he had
claimed to have been disabled since September 1, 2002, due to
severe depression, chemical dependency, bipolar, schizo-affective
impairments, schizophrenia, hepatitis C, and nerve-damage to the
right elbow, arm, and foot.  (A.R. 18, 521-22, 538 105, 1247.)
The parties have consented to the jurisdiction of the United
States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), and

1

1 pursuant to the order of Judge Anthony W. Ishii filed September
2 9, 2008, the matter has been assigned to the Magistrate Judge to
3 conduct all further proceedings in this case, including entry of
4 final judgment.

5    The decision under review is that of Social Security
6 Administration (SSA) Administrative Law Judge (ALJ) Bert C.
7 Hoffman, Jr., dated February 27, 2007 (A.R. 18-25), rendered
8 after a hearing held December 20, 2006, at which Plaintiff
9 appeared and testified with the assistance of counsel (A.R. 1252-
10 90). The Appeals Council denied Plaintiff's request for review on
11 June 19, 2008 (A.R. 11-13), and thereafter Plaintiff filed his
12 complaint in this Court on July 23, 2008. Briefing commenced on
13 April 27, 2009, and was completed with the filing of Defendant's
14 brief on June 5, 2009. The matter has been submitted without oral
15 argument to the undersigned Magistrate Judge.

16    I. <u>Standard and Scope of Review</u>

17    Congress has provided a limited scope of judicial review of
18 the Commissioner's decision to deny benefits under the Act. In
19 reviewing findings of fact with respect to such determinations,
20 the Court must determine whether the decision of the Commissioner
21 is supported by substantial evidence. 42 U.S.C. § 405(g).
22 Substantial evidence means "more than a mere scintilla,"
23 <u>Richardson v. Perales</u>, 402 U.S. 389, 402 (1971), but less than a
24 preponderance, <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119, n. 10
25 (9th Cir. 1975). It is "such relevant evidence as a reasonable
26 mind might accept as adequate to support a conclusion."
27 <u>Richardson</u>, 402 U.S. at 401. The Court must consider the record
28 as a whole, weighing both the evidence that supports and the

2

1  evidence that detracts from the Commissioner's conclusion; it may

2  not simply isolate a portion of evidence that supports the

3  decision. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir.

4  2006); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).

5  It is immaterial that the evidence would support a finding

6  contrary to that reached by the Commissioner; the determination

7  of the Commissioner as to a factual matter will stand if

8  supported by substantial evidence because it is the

9  Commissioner's job, and not the Court's, to resolve conflicts in

10  the evidence. Sorenson v. Weinberger, 514 F.2d 1112, 1119 (9th

11  Cir. 1975).

12      In weighing the evidence and making findings, the

13  Commissioner must apply the proper legal standards. Burkhart v.

14  Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must

15  review the whole record and uphold the Commissioner's

16  determination that the claimant is not disabled if the

17  Commissioner applied the proper legal standards, and if the

18  Commissioner's findings are supported by substantial evidence.

19  See, Sanchez v. Secretary of Health and Human Services, 812 F.2d

20  509, 510 (9th Cir. 1987); Jones v. Heckler, 760 F.2d at 995. If

21  the Court concludes that the ALJ did not use the proper legal

22  standard, the matter will be remanded to permit application of

23  the appropriate standard. Cooper v. Bowen, 885 F.2d 557, 561 (9th

24  Cir. 1987).

25      II. Disability

26          A. Legal Standards

27      In order to qualify for benefits, a claimant must establish

28  that she is unable to engage in substantial gainful activity due

3

to a medically determinable physical or mental impairment which
has lasted or can be expected to last for a continuous period of
not less than twelve months. 42 U.S.C. §§ 416(i), 1382c(a)(3)(A).
A claimant must demonstrate a physical or mental impairment of
such severity that the claimant is not only unable to do the
claimant's previous work, but cannot, considering age, education,
and work experience, engage in any other kind of substantial
gainful work which exists in the national economy. 42 U.S.C.
1382c(a)(3)(B); Quang Van Han v. Bowen, 882 F.2d 1453, 1456 (9th
Cir. 1989). The burden of establishing a disability is initially
on the claimant, who must prove that the claimant is unable to
return to his or her former type of work; the burden then shifts
to the Commissioner to identify other jobs that the claimant is
capable of performing considering the claimant's residual
functional capacity, as well as her age, education and last
fifteen years of work experience. Terry v. Sullivan, 903 F.2d
1273, 1275 (9th Cir. 1990).

      The regulations provide that the ALJ must make specific
sequential determinations in the process of evaluating a
disability: 1) whether the applicant engaged in substantial
gainful activity since the alleged date of the onset of the
impairment, 20 C.F.R. § 404.1520 (1997);[1] 2) whether solely on the
basis of the medical evidence the claimed impairment is severe,
that is, of a magnitude sufficient to limit significantly the
individual's physical or mental ability to do basic work
activities, 20 C.F.R. § 404.1520(c); 3) whether solely on the

---

[1] All references are to the 2007 version of the Code of Federal Regulations unless otherwise noted.

1 basis of medical evidence the impairment equals or exceeds in

2 severity certain impairments described in Appendix I of the

3 regulations, 20 C.F.R. § 404.1520(d); 4) whether the applicant

4 has sufficient residual functional capacity, defined as what an

5 individual can still do despite limitations, to perform the

6 applicant's past work, 20 C.F.R. §§ 404.1520(e), 404.1545(a); and

7 5) whether on the basis of the applicant's age, education, work

8 experience, and residual functional capacity, the applicant can

9 perform any other gainful and substantial work within the

10 economy, 20 C.F.R. § 404.1520(f).

11     With respect to SSI, the five-step evaluation process is

12 essentially the same. <u>See</u> 20 C.F.R. § 416.920.

13         B. <u>The ALJ's Findings</u>

14     The ALJ found that Plaintiff had severe impairments of

15 alcohol and cocaine dependency in intermittent remission, mood

16 disorder, and status post-laceration to the first, second, and

17 third fingers of the right hand; if Plaintiff stopped substance

18 use, the remaining limitations would cause more than a minimal

19 impact on the claimant's ability to perform basic work

20 activities, and he would continue to have a severe impairment or

21 combination of impairments. Regardless of Plaintiff's substance

22 dependency, he did not have an impairment or combination thereof

23 that met or medically equaled a listed impairment. If Plaintiff's

24 drug and alcohol dependency were considered, his residual

25 functional capacity (RFC) was to lift and carry up to twenty

26 pounds occasionally, ten pounds frequently, and sit, stand, or

27 walk for six hours in an eight-hour day, with only occasional use

28 of the right hand forcefully to grasp or twist, perform rapid

movement, or keyboard; mentally Plaintiff could understand, remember, and carry out simple instructions, but he would have difficulty with appropriate interpersonal behavior in a work setting, adhering to a work schedule, or meeting reasonable production goals. However, absent drug and alcohol dependency, the claimant would have the RFC to perform the same exertional activities with the same manipulative limitations, and he would have the mental capacity to understand, remember, and carry out simple instructions. (A.R. 21-22.) Plaintiff was unable to perform his past relevant work, but considering Plaintiff's age, education, work experience, and RFC, and assuming that Plaintiff stopped the substance abuse, Plaintiff could perform a significant number of jobs in the national economy. (A.R. 24-25.) The ALJ stated:

> If the claimant stopped the substance abuse, he would not have the residual functional capacity to perform the full range of light work. However, the remaining additional limitations would have little or no effect on the occupational base of unskilled light work. At the earlier hearing, a vocational expert listed light unskilled jobs which would accommodate the claimant's right manipulative limitations, such as cashier, 76,000 jobs in California (Exhibit C-2A, p. 5). Consequently, a finding of "not disabled" is therefore appropriate under the framework of Medical-Vocational Rule 202.21.

(A.R. 25.) The ALJ also expressly found that Plaintiff had not shown any substantial worsening of his condition since December 30, 1999, the date of the most recent, previous decision denying prior applications:

> The claimant's prior applications alleged primarily mental impairments but earlier onset dates; they were denied initially, at reconsideration, and by hearing decisions dated May 29, 1998 and December 30, 1999 (Exhibits C-1A; C-2A). In both hearing decisions, the Administrative Law Judges found that the claimant

1    had a residual functional capacity for light exertion
     with right handed manipulative limitations and a
2    mental capacity for simple unskilled work. The Appeals
     Council denied review of the May 1998 hearing decision; the
3    claimant did not request review of the December 1999
     decision. Since the claimant did not file a request for
4    review by the Appeals Council, the hearing decision of
     December 30, 1999 constitutes an ultimate finding on the
5    claimant's non-disability through the date of the decision.

6    The prior unfavorable hearing decisions create an
     ongoing presumption that the claimant continues to
7    be "not disabled", which may be overcome by new evidence
     that the claimant's condition has worsened (AR 97-4(9);
8    Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988)). After
     reviewing the record and testimony, I find that new evidence
9    does not establish that the claimant's condition has
     substantially worsened since December 30, 1999, although
10   the extent of his drug and alcohol dependency is clearer.

11   (A.R. 18.)

12        III. Reasoning at Step Five

13        Plaintiff's sole contention is that the record does not

14   support the ALJ's conclusion that Plaintiff could perform the

15   position of cashier despite Plaintiff's limitation to

16   understanding, remembering, and carrying out only simple

17   instructions. (A.R. 22.)

18        Plaintiff points to specifications in the Dictionary of

19   Occupational Titles (4th ed., 1991) (DOT), which require

20   relatively advanced educational and reasoning processes for the

21   position of cashier that Plaintiff contends are precluded by

22   Plaintiff's limitation to simple, repetitive instructions.

23        Plaintiff advances the established principle that an ALJ may

24   not rely on a vocational expert's testimony regarding the

25   requirements of positions which conflict with the Dictionary of

26   Occupational Titles (4th ed. 1992 rev.) (DOT) unless the ALJ first

27   affirmatively inquires whether the testimony conflicts with the

28   DOT. Soc. Sec. Ruling 00-4p; Massachi v. Astrue, 486 F.3d 1149,

                                    7

1152-53 (9th Cir. 2007). If there is a conflict, the ALJ must then
determine whether the vocational expert's explanation for the
conflict is reasonable and whether a basis exists for relying on
the expert rather than the Dictionary of Occupational Titles. <u>Id.</u>
at 1153-54. Where the record does not otherwise reflect the
pertinent factors, then the ALJ's failure to follow the protocol
set forth in Soc. Sec. Ruling 00-4p will result in a remand for
the appropriate analysis by the ALJ. <u>Id.</u>

    However, application of this rule proceeds in the context
of the previous ALJ's findings, which must be given due respect.
It is recognized that final findings of non-disability made by an
administrative law judge require a claimant who reapplies to
prove changed circumstances to overcome a presumption of
continuing non-disability. <u>Chavez v. Bowen</u>, 844 F.2d at 693-94
(finding that a change in age status was a changed circumstance
that precluded application of res judicata to a first ALJ's
ultimate finding of nondisability, recognizing some res judicata
consideration to the first ALJ's findings concerning RFC,
education, and work experience, and remanding for determination
of a factor [transferable work skills] needed to determine
disability in light of the prior findings and the new advanced
age factor). A finding of nondisability creates a presumption
that the claimant is capable of substantial gainful employment
which may be overcome if the claimant proves the existence of
changed circumstances that would establish disability. <u>Light v.
Social Security Administration</u>, 119 F.3d 789, 791-92 (9th Cir.
1997). Changed circumstances can refer not only to a
demonstration of a worsening impairment, but also to a change in

1  age category, or the raising of a new issue such as a new

2  impairment not previously considered. Lester v. Chater, 81 F.3d

3  821, 827-28 (9th Cir. 1996).

4      Here, because Plaintiff was found not disabled in the prior

5  decision, there is a continuing presumption of non-disability

6  that Plaintiff must overcome by proving changed circumstances,

7  such as a greater disability. Chavez v. Bowen, 844 F.2d 691, 693-

8  94 (9th Cir. 1988).

9      With respect to mental impairments, the previous ALJ found

10 severe impairments that included a history of polysubstance

11 abuse, severe depression, possible PTSD, and impulse/adjustment

12 disorder. (A.R. 469.) In the decision under review here, ALJ

13 Hoffman found fewer but the same or related and less severe

14 impairments, namely, alcohol and cocaine dependency in

15 intermittent remission, and mood disorder. (A.R. 21.) There was

16 no increase in the impairments claimed.

17     Plaintiff does not challenge the ALJ's characterization

18 and/or evaluation of the medical evidence or the vocational

19 record. The ALJ here concluded that there was not any worsening

20 of Plaintiff's right hand weakness that resulted from a deep cut

21 in 1988, with no findings noted in 2006. (A.R. 22.) The ALJ also

22 found that the medical record reflected continued mood disorder

23 with alcohol and cocaine dependency that exacerbated his

24 symptoms, detoxification and treatment in the middle to late

25 1990's, return to treatment in July 2003 with some lapses but

26 staying clean and sober through the date of the hearing, and

27 overall VA records that demonstrated that when Plaintiff

28 maintained sobriety and took his medications, he had adequate

1  mental and social abilities. (A.R. 22-23.) The ALJ noted that
2  Plaintiff worked as a truck driver in 2000 through 2002, a
3  security guard in 2005-06, and a volunteer for the VA in 2004 and
4  2005 as part of rehabilitation. (A.R. 23.)

5      Plaintiff was represented by counsel in the previous
6  administrative proceeding that resulted in the 1999 decision.
7  (A.R. 468.) Plaintiff does not point to any procedural unfairness
8  in the earlier proceedings.

9      In summary, there do not appear to be any circumstances that
10  would warrant deviation from the pertinent authority concerning
11  principles of res judicata and application of presumptions
12  resulting from previous, final administrative determinations. The
13  Court concludes that the ALJ's application of the Chavez
14  presumption was appropriate, and thus Plaintiff's non-disability
15  is presumed pursuant to the decision after hearing of the ALJ in
16  December 1999, which became final upon Plaintiff's failure to
17  seek review.

18      Plaintiff's challenge to the sufficiency of the evidence to
19  support the conclusion that Plaintiff could perform the position
20  of cashier must fail. The record does reflect that the
21  characteristics of the position of cashier considered by the
22  vocational expert (VE) who testified at the earlier hearing might
23  well have conflicted with job characteristics as listed in the
24  DOT. However, the ALJ in the earlier decision expressly relied on
25  the opinion of the VE and wrote the following concerning the
26  hypothetical question presented to the vocational expert at the
27  hearing held on that application:

28      The question was as follows:

10

> Assume a person with the claimant's education and job experience, of his age, who can perform simple, repetitive work involving lifting and carrying 20 pounds occasionally and 10 pounds frequently. Can such a person perform the claimant's past relevant work? The answer was no. Are there other jobs such a person can perform? The answer was yes: cashier and janitor, to name two, of which jobs there are approximately 76,000 cashier jobs in California the hypothetical person could perform and 9,000 light janitorial jobs in California.
>
> Thus, the vocational expert said there are jobs other than the claimant's past relevant work which he can now perform. I find that are enough such jobs to constitute a significant number.

(A.R. 470.) The 1999 decision predated Soc. Sec. Ruling 00-4p, and the full record of the 1999 decision is not before this Court; the administrative transcript before the Court contains the 1999 decision but not the transcript of the oral testimony given at the hearing preceding the 1999 decision. The decision shows that the ALJ gave the VE specific, articulated limitations, including the limitations to simple, repetitive work, based on the opinions of specified medical sources, and the VE responded not in terms of the DOT, but rather in terms of specific positions in a specified local market (California), and specific levels of performance ("light janitorial"), as distinct from some more generalized descriptions. The record presents a basis for an inference that the VE was responding based on personal experience and expertise, a reliable basis for a deviation from generic DOT descriptions.

At one time Plaintiff had the opportunity to challenge the adequacy of the record to support the findings of the ALJ in 1999 at step five, but Plaintiff has failed to demonstrate that Plaintiff timely sought review of those findings. Those findings became final. To require now affirmative record evidence to

11

1  establish the reliability of the expert's testimony in the
2  previous proceeding would result in a failure to accord the
3  appropriate presumptive effect to the ALJ's findings.

4       The ALJ in the present case proceeded pursuant to correct
5  legal standards, and his conclusion that Plaintiff had not
6  demonstrated changed circumstances had the support of substantial
7  evidence in the record.

8       IV. <u>Disposition</u>

9       Based on the foregoing, the Court concludes that the ALJ's
10 decision was supported by substantial evidence in the record as a
11 whole and was based on the application of correct legal
12 standards.

13      Accordingly, the Court AFFIRMS the administrative decision
14 of the Defendant Commissioner of Social Security and DENIES
15 Plaintiff's Social Security complaint.

16      The Clerk of the Court IS DIRECTED to enter judgment for
17 Defendant Michael J. Astrue, Commissioner of Social Security,
18 and against Plaintiff John A. Stard, Jr.

19

20 IT IS SO ORDERED.

21 **Dated:   August 14, 2009**           **/s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28